IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE COUNTY OF KNOX, NEBRASKA,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 02-1517 L<br><br>Sr. Judge Lawrence S. Margolis |
| RAYMOND TOWNSHIP, KNOX COUNTY, NEBRASKA,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 02-1516 L<br><br>Sr. Judge Lawrence S. Margolis |

**STIPULATION AND SETTLEMENT AGREEMENT**

WHEREAS plaintiff, the County of Knox, Nebraska and plaintiff, Raymond Township, Knox County, Nebraska ("plaintiffs"), own and operate certain roads within Knox County, Nebraska and Raymond Township, Knox County, Nebraska, and

WHEREAS a portion of these roads were the subject of the above-captioned inverse condemnation proceedings filed in this Court pursuant to the FIFTH AMENDMENT of the United States Constitution and the Tucker Act, 28 U.S.C. § 1491; and

WHEREAS the parties to the above-captioned action desire to settle and resolve the pending claims without admitting or conceding the liability of or for any of the matters asserted in the litigation.

NOW THEREFORE, it is stipulated and agreed by and between the parties, through the undersigned counsel as follows:

1. Plaintiffs and defendant have engaged in good faith settlement negotiations to avoid further litigation in the United States Court of Federal Claims;

2. As full and complete settlement of this matter, plaintiffs agree to grant the United States flowage and saturation easements of all roads alleged lost as a result of aggradation from operation of the Gavins Point Dam on the Missouri River, as described in the attached easement documents.

3. The United States agrees that it shall pay to plaintiffs for the purchase of the aforementioned flowage and saturation easements and for all damages heretofore incurred by plaintiffs, the sum of $17,010,059.59. The sum of $13,949,251.66 shall be paid to the County of Knox, Nebraska. The sum of $3,060,807.93 shall be paid to Raymond Township, Knox County, Nebraska.

4. The agreements contained in this stipulation constitute the full and final settlement of any and all claims plaintiffs brought or could have brought against the United States with respect to their roads, including, but not limited to, just compensation, interest, attorneys fees and all other costs.

5. By the above agreement to grant flowage and saturation easements for the consideration specified, plaintiffs agree that any future claims for damages against the United States, its agencies, officers, agents, servants, contractors, and assigns as a result of operation of the Gavins Point and Fort Randall Dams, including, but not limited to, further damage to the specified roads are waived and released, but only to the extent delineated in the easement

documents. Plaintiffs specifically reserve all rights in this property except for those rights transferred in the easements, including, but not limited to, any claim of a violation, breach, or taking of property beyond that allowed by the easements.

6. This stipulation and settlement agreement shall be by way of compromise and settlement, shall not be construed as an admission by defendant of any legal or specific monetary liability as to any of plaintiffs' claims for moneys, attorneys fees, litigation costs and other expenses, interest, or any other kind of monetary relief or compensation, nor shall the dismissal be interpreted to constitute a precedent or argument in this or any other case.

7. This stipulation and settlement agreement shall finally dispose of all rights, claims and demands which plaintiffs asserted or could have asserted, directly or indirectly, legal, equitable or otherwise, against the United States, its agencies, officers, agents, servants, contractors, and assigns.

8. The parties agree to execute any and all documents necessary to consummate this settlement, including but not limited to a stipulation of dismissal of this action with prejudice, pursuant to RCFC 41(a)(1)(ii).

9. This agreement completely sets forth all of the terms, conditions, waivers, stipulations, and consideration that have been given and agreed to and all the terms of this agreement shall be binding on any and all individuals and/or entities, their heirs or assigns who had an interest in, or who owned the subject land during the time of the events alleged by plaintiffs.

10. The stipulation of dismissal with prejudice that the parties will execute shall be final on the day it is filed and the parties to that stipulation waive any right of appeal, or

otherwise to seek review.

RONALD J. TEMPAS
Assistant Attorney General

By: s/Marc E. Gordon
MARC E. GORDON,
Trial Attorney, Land Acquisition Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 561
Washington, D.C. 20044-0561
(202) 305-0291

Attorney for Defendant and authorized representative of the Attorney General

RAYMOND TOWNSHIP, KNOX COUNTY, NEBRASKA

By: STRATTON, PTAK & KUBE, P.C.
Their Counsel.

By: s/James G. Kube by s/Marc E. Gordon
JAMES G. KUBE, #19843
STRATTON, PTAK & KUBE, P.C.
200 WEST BENJAMIN AVENUE
P.O. BOX 888
NORFOLK, NE 68702-0888
(402) 371-3100
(402) 379-4338-Fax

Attorney for the County of Knox, Nebraska
Attorney for Raymond Township, Knox County, Nebraska

THE COUNTY OF KNOX, NEBRASKA;